**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANSHAN YU; SIMEI YANG; CHIE HONG YEE YANG; KAWAH YEE YANG, | No. 09-73324 |
| Petitioners, | Agency Nos. A096-151-843<br>A096-151-844<br>A096-151-845<br>A096-151-846 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2010[**]
Portland, Oregon

Before:    TASHIMA, PAEZ, and CLIFTON, Circuit Judges.

Petitioners seek review of an order of the Board of Immigration Appeals

("BIA") dismissing an appeal from an order of the Immigration Judge ("IJ") that

found Petitioners removable, denied their applications for asylum and withholding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

of removal, and granted their request for voluntary departure. The IJ's decision incorporated the factual findings from an earlier decision, the BIA's affirmance of which was previously vacated. We have jurisdiction under 8 U.S.C. § 1252. We conclude that the evidence does not compel the conclusion that the determinations of the BIA and IJ were incorrect. *See Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006). We therefore deny the petition for review.

1.     Petitioners have failed to establish that their mistreatment in Colombia, even assuming that it amounts to persecution, is "on account of one of the five statutorily protected grounds." *Deloso v. Ashcroft*, 393 F.3d 858, 864 (9th Cir. 2005); *see also* 8 U.S.C. § 1101(a)(42). Petitioners have not presented either direct or "compelling circumstantial" evidence, *Gafoor v. INS*, 231 F.3d 645, 650 (9th Cir. 2000), that racial animus motivated the robberies of lead Petitioner Yu's restaurants or the kidnaping of his son. In this court's prior holdings granting asylum in cases of mixed-motive persecution, the persecutors had generally made verbal statements clearly and directly showing that they were motivated by their victim's race. *See, e.g.*, *Sinha v. Holder*, 564 F.3d 1015, 1018-19 (9th Cir. 2009); *cf. Sangha v. INS*, 103 F.3d 1482, 1490 (9th Cir. 1997) ("[W]e have found persecution on account of political opinion when the persecutors say they are acting because of the victim's political beliefs . . . . [or] when there is no other

logical reason for the persecution . . . ." (citations omitted)).  Such statements are absent from the record here.  The IJ and BIA logically concluded that any mistreatment was solely motivated by monetary gain.

The record also does not compel the conclusion that the social group of Chinese-Colombian businessmen is more likely to be targeted than the more general group of middle-class businessmen in Colombia.  Finally, although it is inarguable that harm has been done to Petitioners' entire family, this fact does not establish that harm was done to any of the family's members *because* of their family membership.

**2.**     The IJ's and BIA's finding that Petitioners Yanshin Yu and Simei Yang were firmly resettled in Colombia is supported by substantial evidence.  Yu's and Yang's immigrant residency permits constitute "offer[s] of permanent resident status" in Colombia.  *See Maharaj v. Gonzales*, 450 F.3d 961, 972 (9th Cir. 2006); 8 C.F.R. § 1208.15.  The fact that they let their residency permits lapse does not affect the determination of firm resettlement.  *See Vang v. INS*, 146 F.3d 1114, 1116-17 (9th Cir. 1998).  The conditions of Petitioners' residence in Colombia were not "substantially and consciously restricted by the authority of" that country. 8 C.F.R. § 1208.15.  *Andriasian v. INS*, 180 F.3d 1033 (9th Cir. 1999), is inapposite here, because the petitioner in that case had not been offered any sort of

official status in Armenia and the conditions of his residence there were evaluated under the very different standard applicable to a discretionary denial of asylum pursuant to a now-defunct version of 8 C.F.R. § 208.13 (whether he would face any form of "harm or persecution" in the country of resettlement). *See Andriasian*, 180 F.3d at 1039-40, 1044.

Because we agree that Petitioners were firmly resettled in Colombia, they are ineligible for asylum from China. *See* 8 U.S.C. § 1158(b)(2)(A)(vi).

**3.** Firm resettlement, however, is not a bar to withholding of removal, *see Siong v. INS*, 376 F.3d 1030, 1040-41 (9th Cir. 2004), but the BIA and IJ are correct that Petitioners have failed to show that "it is more likely than not" that they will be subject to mandatory sterilization if they return to China. *See Al-Harbi v. INS*, 242 F.3d 882, 888-89 (9th Cir. 2001) (internal quotation marks omitted). The record indicates that forced sterilization of parents of over-quota children born abroad is rare in China, and there is no direct or specific evidence indicating a probability of forced sterilization in this case.

The petition for review is **DENIED**.